UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| JAMES LAMONT CLEMENTS | ) CASE NO. 18-52689-LRC |
| | ) |
| | ) |
| DEBTOR. | ) |

**CHAPTER 13 TRUSTEE'S
OBJECTION TO CONFIRMATION & MOTION TO DISMISS CASE
PURSUANT TO 11 U.S.C. SECTION 109(g)(1)**

COMES NOW Melissa J. Davey, Chapter 13 Trustee, and objects to confirmation of the plan and files this motion to dismiss under 11 U.S.C. Sections 1307(c), 109(g), 349(a), and 105(a), for cause, including the following reasons:

1. The plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

2. In accordance with General Order Nos. 18-2015 and/or 22-2017 and the Statement of Rights and Responsibilities, the Debtor's attorney should timely provide proof of Debtor's $4,600.00 per month employment income and non-filing spouse's $2,625.00 per month employment income to the Chapter 13 Trustee. 11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

3. The Trustee requests proof of the expense for health insurance in the amount of $600.00 per month, non-filing spouse's automobile in the amount of $370.00 per month, and payroll taxes in the amount of $754.00 per month reflected on Debtor's schedules in order to determine whether the Plan complies with 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

4. The Chapter 13 budget fails to provide for post-petition tax liability, and Debtor has failed to establish and provide proof of a tax escrow account, indicating that the Plan may not be feasible. 11 U.S.C. Section 1325(a)(6).

5. The Debtor has failed to provide the Trustee with a copy of the 2017 federal income tax return for the most recent tax year ending immediately before the commencement of the instant case in violation of 11 U.S.C. Section 521(e)(2)(A)(i).

6. Pursuant to information received from the Internal Revenue Service, 2013, 2014, 2015, 2016, and 2017 tax returns have not been provided to the taxing authorities; thereby, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 Plan, in violation of 11 U.S.C. Sections 1322(d) and 1325(a)(6).

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

7. Pursuant to testimony from the meeting of creditors, Debtor is represented by counsel, Gibson Law Firm, in a pending/or anticipated non-bankruptcy litigation. The attorney must be approved as special counsel by the Bankruptcy Court in accordance with 11 U.S.C. Section 329 and Bankruptcy Rules 2016 and 2017.

8. Due to a change in circumstances since filing, Schedules I and J do not reflect Debtor's current financial situation, thereby preventing the Trustee from evaluating good faith, feasibility and disposable income contributions. 11 U.S.C. Sections 1325(a)(6), 1325(a)(3), and/or 1325(b). (Debtor has a new job with Summit Management.)

9. The Debtor's proposal to fund automobile debt totaling $42,124.00 in a zero percent (0%) composition Plan may indicate a lack of good faith and may violate 11 U.S.C. Sections 1325(a)(3) and 1325(a)(7).

10. The Debtor's Chapter 13 Plan fails to provide for an increase in plan payments when the direct payments of $370.00 per month for non-filing spouse's automobile end in approximately 2020, in possible violation of 11 U.S.C. Sections 1325(a)(3), 1325(b)(1)(B) and 1325(b)(2)(A).

11. The Chapter 13 Plan fails to provide treatment of the filed secured claim of the Internal Revenue Service, in violation of 11 U.S.C. Sections 1322(a)(2) or 1325(a)(5).

12. The Debtor has failed to provide sufficient pay advice information for the Trustee to determine whether the Debtor's plan provides for the appropriate applicable commitment period. 11 U.S.C. Sections 521(a)(1)(B)(iv), 1325(a)(3), and 1325(b)(4).

13. The Chapter 13 plan proposes to pay $5,500.00 to the Debtor's Attorney for payment of attorney fees. The Trustee is unable to determine whether this is a reasonable fee and would request that Debtor's counsel appear at confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

14. The Plan and/or Rule 2016(b) Disclosure Statement fail to contain provisions regarding attorney's fees that comply with the specificity requirements of General Orders 18-2015 and/or 22-2017 should the case be converted or dismissed, as the $290.00 provided up front has not been accounted for.

15. Pursuant to Debtor testimony at the Meeting of Creditors, the Debtor settled his personal injury cause of action post-petition. This settlement has not been approved by the Court and the net proceeds should be remitted to the Trustee absent recent/necessary expenses shown by Debtor.

16. Debtor has filed one (1) previous unsuccessful Chapter 13 case, being case number 17-69091 filed November 2, 2017 and dismissed prior to confirmation January 17, 2018. Based on the foregoing, the Chapter 13 Trustee respectfully moves the Court to dismiss the instant case with prejudice, thereby rendering the Debtor ineligible for relief under Title 11 for one hundred eighty (180) days, pursuant to 11 U.S.C. Sections 1325(a)(3), 1325(a)(7), 105(a), 109(g) and 349(a).

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

WHEREFORE, the Trustee moves the Honorable Court to inquire into the above objections at the separately scheduled and noticed confirmation hearing, deny Confirmation of the Debtor's Chapter 13 plan and dismiss the case pursuant to 11 U.S.C. Sections 105(a) and 109(g), thereby rendering the Debtor ineligible from re-filing another Chapter 13 case for one hundred eighty (180) days.

/s/ Jason L. Rogers
Jason L. Rogers
Attorney for Chapter 13 Trustee
GA Bar No. 142575

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| JAMES LAMONT CLEMENTS | ) ) ) | CASE NO.: 18-52689-LRC |
| | ) | |
| DEBTOR. | ) | |

18-52689-LRC              **CERTIFICATE OF SERVICE**

This is to certify that I have this day served:

    DEBTOR(S):
    JAMES LAMONT CLEMENTS
    2085 CHAMPIONS PKWY
    LAWRENCEVILLE, GA  30044

    DEBTOR(S) ATTORNEY:
    SLIPAKOFF & SLOMKA, PC
    OVERLOOK III, SUITE 1700
    2859 PACES FERRY RD, SE
    ATLANTA, GA  30339

in the foregoing matter with a copy of this Objection to Confirmation & Motion to Dismiss by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

Tuesday, April 10, 2018

/s/
Jason L. Rogers
GA Bar No. 142575
Attorney for Melissa J. Davey, Chapter 13 Trustee
260 Peachtree Street, NW, Suite 200
Atlanta, GA 30303
Telephone:  678-510-1444
Facsimile:   678-510-1450